IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | CASE NO. 1:12-cv-00363-AWI-BAM |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION TO REMAND |
| vs. | |
| JORGE MARTINEZ, ARMANDO JIMINEZ, and SANDY R. JIMINEZ, | |
| Defendants. | |

## I.   INTRODUCTION

By notice filed on March 19, 2012, plaintiff Federal National Mortgage Association ("Plaintiff") filed a motion to remand this unlawful detainer action to the Stanislaus County Superior Court. (Doc. 12.) Defendant Jorge Martinez ("Defendant")[1] did not file an opposition. The Court heard oral arguments on April 27, 2012. (Doc. 13.) Counsel Nichole Glowin appeared telephonically for Plaintiff. (Doc. 13.) Based on the moving papers, arguments presented at the April 27, 2012 hearing, as well as the Court's file, the Court issues the following Findings and Recommendations.

---

[1] Plaintiff has named three defendants in their unlawful detainer action: Jorge Martinez, Armando Jiminez, and Sandy R. Jiminez. However, defendant Martinez is the only individual listed on the removal petition, as well as the only defendant who has made an appearance in this action.

1

## II.  BACKGROUND

**A.  Plaintiff's Complaint**

Plaintiff filed their Complaint on September 6, 2011, in Stanislaus County Superior Court. (Pl.'s Compl., Doc. 1, Attach. 1.)  Plaintiff's Complaint presents an unlawful detainer action pursuant to California Code of Civil Procedure § 1161 *et seq.,* to recover possession or property following foreclosure proceedings.  *Id.*  In particular, Plaintiff alleges that it is the owner of and entitled to possession of real property located at 2900 Orchard Park Way, Modesto, CA 95355 (the "Subject Property"), because it acquired the property by Trustee's Deed Upon Sale following foreclosure proceedings on May 31, 2011.  (Pl.'s Compl., ¶ 5, Doc. 1, Attach. 1.)  Plaintiff further alleges that on July 25, 2011, it served Defendant a written notice to quit and deliver possession of the property to Plaintiff within three days.  (Pl.'s Compl., ¶ 6, Ex. 2, Doc. 1, Attach. 1.)  According to the Complaint, Defendant did not deliver possession of the property within three days, and remain in possession of the property without Plaintiff's consent.  (Pl.'s Compl., ¶¶ 7-8, Doc. 1, Attach. 1.)

**B.  The Notice of Removal**

Defendant, who is not represented by counsel, filed his Notice of Removal from the Stanislaus County Superior Court on December 22, 2011, on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331.  (Def.'s Notice of Removal, 2: 1-2, Doc. 1.)  In support of federal question jurisdiction, Defendant states that Plaintiff's unlawful detainer action violates various provisions of federal law, namely, the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), 12 U.S.C. § 5201.  (Def.'s Notice of Removal, 3-6, Doc. 1.)  Defendant invokes the PTFA to assert the manner in which Plaintiff took possession of the Subject Property was unlawful. (Def.'s Notice of Removal, 3-6, Doc. 1.)

**C.  The Motion to Remand**

Plaintiff seeks to remand this case to state court on the following grounds: (1) removal was improper because Defendant's Notice of Removal was not timely; and (2) there is no federal question jurisdiction because the Complaint does not assert any federal claims.  (Pl.'s Mot. To Remand, 4: 12 - 7: 22, Doc. 12.)  In addition, Plaintiff seeks sanctions based upon Defendant's improper removal.  (Pl.'s Mot. To Remand, 8: 2-15, Doc. 12.)

### III.   ANALYSIS

**A.   Legal Standard Governing Removal**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332. Federal subject matter jurisdiction under 28 U.S.C. § 1331, based on the existence of a federal question, requires a civil action to arise under the Constitution, laws, or treaties of the United States. "If at any time before final judgment, it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992) (citations omitted). Thus, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. (citation omitted). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.*

A case may be removed pursuant to 28 U.S.C. § 1441 only where a federal question appears on the face of the properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). This rule makes the plaintiff the master of its claim in that the plaintiff may avoid federal jurisdiction by exclusive reliance on state law. *Id.* Further, whether a case arises under federal law does not depend upon matters raised in the answer or in counterclaims. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830-831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002).

**B.   Whether Defendant's Removal Was Timely**

Subdivision (b) of § 1446 specifies the "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b). Failure to comply with the thirty-day time limitation renders the

removal procedurally defective. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n. 1 (9th Cir.1988); *Lewis v. City of Fresno,* 627 F. Supp. 2d 1179, 1186 (E.D. Cal. 2008).

Defendant was served with the Complaint on September 27, 2011. (Pl.'s Notice of Removal, Attach. 1, 1-2, Doc. 1.) Defendant filed his notice of removal on December 22, 2011. (Doc. 1.) Defendant's removal, therefore, exceeded the thirty-day limitation imposed by Section 1446(b). For this reason alone, Plaintiff's claims must be remanded back to state court.

**C.      Whether There is Federal Question Jurisdiction**

Plaintiff asserts a single state law claim in its complaint for unlawful detainer under California Civil Code section 1161 *et seq*. A plaintiff bringing an unlawful detainer claim is entitled to judgment upon establishing that the property at issue was sold in accordance with California Civil Code section 2924 and that the requisite three-day notice to quit to defendant was served as required in California Code of Civil Procedure section 116 (a). *Litton Loan Servicing, L.P. v. Villegas*, 2011 WL 204322, at * 2 (N.D. Cal., January 21, 2011) (citing *Evans v. Superior Court*, 67 Cal. App. 3d 162, 168, 136 Cal. Rptr. 596 (1977)). An unlawful detainer action arises solely under state law. *See Federal Home Mortgage Corp.,* v. *Garcia,* 2012 WL 467497 (E.D. Cal. 2012). Thus, an unlawful detainer claim such as the one asserted by Plaintiff here does not raise a federal question. *See Litton*, 2011 WL 204322, at * 2 (remanding unlawful detainer action to state court based, in part, on lack of federal question jurisdiction); *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, at*2 (N.D.Cal. Mar. 19, 2003) (same); *Onewest Bank, FSB v. Fabionar*, 2010 WL 5058394, at *3 (N.D.Cal. Dec.6, 2010) (same); *Partners v. Gonzalez*, 2010 WL 3447678, at * 2-3 (N.D.Cal. Aug.30, 2010) (same).

Defendant's affirmative defenses based on alleged violations of federal law do not provide a basis for federal jurisdiction. *Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc*., 535 U.S. 826, 830-831, 122 S.Ct. 1889, 153 L.Ed.2d 13 (2002). As discussed above, the well-pleaded complaint rule does not allow courts to consider affirmative defenses or counterclaims in determining whether federal question jurisdiction exists. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). Accordingly, the Court does not have subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, and Plaintiff's claims must be remanded to state court.

**D.     Whether Sanctions Should be Awarded**

Plaintiff asks for sanctions in the form of attorneys' fees and costs incurred to bring this motion to remand.  Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005).  The Martin court explained that "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id*.  In *Lussier v. Dollar Tree Stores, Inc.*, the Ninth Circuit cautioned that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted."  518 F.3d 1062, 1065 (9th Cir.2008).  Rather, the objective reasonableness of the removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the defendant's arguments for removal.  *Id*. at 1066-67.

In determining whether to award attorneys' fees in cases involving improper removal by a pro se defendant, courts accord significant weight to the defendant's lack of representation. *See, e.g., OneWest Bank, FSB v. Mohr,* 2010 WL 2721437 (N.D. Cal. July 7, 2010) (declining to award fees despite untimely removal and suggestion of bad faith on basis that unrepresented status of defendants constituted "unusual circumstances;" although it would have been "readily apparent" to an attorney that removal lacked merit, these defendants did not have the "benefit of legal counsel"); *Szanto v. Szanto Revocable Trust of 1991*, 2010 WL 2280356 (N.D. Cal. June 7, 2010) (denying motion for fees because Defendant's mistake was "understandable" for a pro se litigant); *Citibank N.A. v. Ortiz*, 2008 WL 4771932, at *2 (S.D. Cal. Oct.28, 2008) (declining to award fees "in consideration of Defendant's pro se status"); *J.P. Morgan Chase Bank v. Peterson*, 2005 WL 2334712, at *4 (E.D. Cal. Sept.21, 2005) (noting Court's earlier denial of fees on the basis of Defendant's lack of representation).

Plaintiff argues Defendant "filed the removal to this Court for one purpose: to harass Plaintiff by causing further litigation expenses . . . ." (Pl.'s Mot. To Remand, 8: 9-11, Doc. 12.) Plaintiff, however, has not offered any evidence indicating Defendant lacked a good faith belief in his removal efforts. While it may have been readily apparent to an attorney that removal lacked merit, Defendant did not have the benefit of legal counsel. The Court declines to impose sanctions in this case in light of the fact that Defendant is not represented by counsel and it does not appear that he acted in bad faith.

## CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court RECOMMENDS as follows:

(1) The case be REMANDED to Stanislaus County Superior Court;

(2) The request for sanctions be denied.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304. Within fifteen (15) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United States Code section 636(b)(1)(C).

The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **April 30, 2012**               /s/ **Barbara A. McAuliffe**
                                         UNITED STATES MAGISTRATE JUDGE